UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ALVARADO RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-01606-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br>(ECF Nos. 15, 16) |

   This matter is before the Court on Plaintiff Nancy Alvarado Ramos's ("Plaintiff") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 9, 10).

   At a hearing on December 8, 2021, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

///

///

///

1

**A. Whether the ALJ Omitted Limitations Without Sufficient Explanation**

Plaintiff first argues that the Administrative Law Judge's ("ALJ") Residual Functional Capacity ("RFC") assessment omitted limitations provided by Drs. Malone and Heldman without explanation.

The ALJ provided the following evaluation of the opinion Drs. Malone and Heldman:

> The undersigned finds the psychological opinions of the State Agency psychologists, D. Malone, Ph.D. and Patricia Heldman, M.D., to be persuasive because they are consistent and supported.
>
> Dr. Malone and Dr. Heldman both opined that the claimant has moderate limitations in her abilities to understand, remember or apply information and interact with others and mild limitations in her abilities to concentrate, persist or maintain pace and adapt or manage oneself.  (Exhibits 2A/12 and 6A/9) Dr. Malone and Dr. Heldman further limited the claimant to understanding, remembering and carrying out simple and detailed instructions and procedures of at least two to three steps but making more errors with detailed tasks, minimal contact and reliance upon others and can interact with other appropriately for short durations pertaining to work related matters. (Exhibits 2A/15-18 and 6A/12-14) Dr. Malone's and Dr. Hartman's opinions are consistent with the claimant's mostly normal mental status examinations finding that she had good grooming, made appropriate eye contact, had cooperative behavior, a normal mood, congruent affect, normal speech, coherent, relevant and logical thought processes, with normal thought content, good insight and unimpaired judgment with intermittent reports of a depressed or anxious mood, hallucinations and ruminations. (Exhibits 5F/5-7; 9F/16, 18, 20, 22, 27-28, 33, 36-38, 45, 47) Dr. Malone's and Dr. Heldman's opinions are supported by their detailed review and analysis of the evidence of record available when they made their determinations. (Exhibits 2A and 6A)

(A.R. 32-33).  Based on these opinions as well as other evidence, the ALJ adopted the following Residual Functional Capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can never climb ladders, ropes or scaffolds. The claimant can only frequently stoop, kneel crouch and crawl. The claimant can only frequently handle, finger and feel with the bilateral upper extremities. The claimant cannot work at unprotected heights or around heavy machinery. The claimant is limited to performing only simple and routine tasks, meaning the claimant is not capable of complex judgment or

analysis. The claimant can have only occasional interaction with supervisors, co-employees and the public. The claimant can maintain a production pace of a simple and routine nature. The claimant can adapt to changes in the workplace of a simple and routine nature.

(A.R. 26).

Plaintiff argues that the RFC is not sufficiently supported and explained because the opinion that Plaintiff could perform "at least" two to three steps was ambiguous and should have been confirmed, and because the RFC did not incorporate their opinion that Plaintiff would make more mistakes on detailed work tasks.  In response, the Commissioner argues that the ALJ's RFC findings were more restrictive than the findings from Drs. Malone and Heldman and included a limitation to work involving the performance of only simple, routine tasks where she is not capable of complex judgment or analysis.

The RFC is an administrative finding left to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2) (stating that "[o]ther opinions of issues reserved to the Commissioner" include "your residual functional capacity"); *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001) ("it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."). The ALJ must base his RFC finding on an analysis of the record as a whole. *See* Social Security Ruling (SSR) 96-8p (explaining that, "RFC is assessed by adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record").

The court finds no error here.  Although the ALJ endorsed the opinions of Drs. Malone and Heldmen, she adopted an RFC that was arguably consistent with yet more restrictive than their opined limitations.  In particular, the ALJ's RFC included the following relevant limitation: "The claimant is limited to performing only simple and routine tasks, meaning the claimant is not capable of complex judgment or analysis."  Such an RFC was sufficiently supported by the evidence and consistent with the ALJ's evaluation of the doctors' opinions.

**B. Removal Limitation on Commissioner Saul**

Plaintiff next claims that, because the ALJ derived its authority to hear the claim from an unconstitutional delegation of authority, the Court should vacate and remand.  Plaintiff explains that Andrew Saul held the office of Commissioner of Social Security as the sole person

dischargeable only for cause between June 17, 2019 and July 9, 2021, when President Biden terminated him.  The United States Supreme Court held in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020) that it is unconstitutional for an executive agency to be led by a single member-head, who serves for a longer term than the president, and who can only be removed from the position for cause.  *Id.* at 2204; *see also Collins v. Yellin*, 594 U.S. __ at 26 (2021).  Additionally, the Office of Legal Counsel has issued an opinion that casts significant doubt on the constitutionality of the appointment of the Commissioner of Social Security.  Office of Legal Counsel, *Constitutionality of the Commissioner of Social Security's Tenure Protection*, 2001 WL 2981542 (July 8, 2021).

Here, the ALJ heard the claims at a hearing on February 21, 2020 and issued his decision on April 21, 2020.  The Appeals Council denied review on September 22, 2020.  Thus, the relevant agency actions were all completed within the unconstitutional tenure of Commissioner Saul.  Because the agency's actions were completed under unconstitutional authority, Plaintiff claims that these actions were constitutionally defective.  Accordingly, Plaintiff requests a new hearing and administrative decision.

The Commissioner agrees that 42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause.  However, it argues that this alone does not justify a remand.  Instead, a party seeking remand must show that the restriction on removal authority actually caused her harm, citing *Collins v. Yellen,* 141 S. Ct. 1761, 1787-89 (2021).  Here, Plaintiff cannot do so because (1) the ALJ in this case had his appointment ratified by an Acting Commissioner of Social Security whom the President could have removed at will at any time; and (2) the removal restriction did not cause the denial of Plaintiff's claim.  The Commissioner also argues that various other legal doctrines including harmless error, de facto officer, and the rule of necessity, as well as prudential considerations caution against remand here.

On December 6, 20201, the Commissioner also filed a notice of supplemental authority citing a number of district courts that have refused to set aside unfavorable disability benefits decisions based on the statutory restriction on removal of a Social Security Commissioner.  (ECF

No. 19). *See Frank W. v. Kijakazi*, No. 20-cv-1439, 2021 WL 5505883 (S.D. Cal. Nov. 24, 2021); *Rivera-Herrera v. Kijakazi*, No. 1:20-cv-01326, 2021 WL 5450230, at *5-8 (E.D. Cal. Nov. 22, 2021); *Shaun A. v. Comm'r of Soc. Sec.*, No. C21-5003-SKV, 2021 WL 5446878, at *4-6 (W.D. Wash. Nov. 22, 2021); *Shannon R. v. Comm'r of Soc. Sec.*, No. C21-5173-MLP, 2021 WL 5371394, at *7-9 (W.D. Wash. Nov. 18, 2021); *Michelle T. v. Comm'r of Soc. Sec.*, No. 3:20-cv-06085, 2021 WL 5356721 (W.D. Wash. Nov. 17, 2021); *John R. v. Comm'r of Soc. Sec.*, No. C20-6176, 2021 WL 5356719, at *5-8 (W.D. Wash. Nov. 16, 2021); *Alice T. v. Kijakazi*, No. 8:21CV14, 2021 WL 5302141, at *18-19 (D. Neb. Nov. 15, 2021); *Lisa Y. v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, 2021 WL 5177363, at *8 (W.D. Wash. Nov. 8, 2021); *Boger v. Kijakazi*, No. 1:20-cv-00331, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021); *Robinson v. Kijakazi*, No. 1:20-cv-00358, 2021 WL 4998397, at *3 (W.D.N.C. Oct. 27, 2021).

As an initial matter, the ALJ in this case was properly appointed. (ECF No. 17, at p. 5) ("Alvarado concedes that ALJ Bryant was properly appointed by the Acting or Deputy Commissioner Berryhill."). Thus, there is no reason to void the actions by the ALJ. *See Collins,* 141 S.Ct. at 1787 ("All the officers who headed the FHFA during the time in *question* were properly *appointed*. Although the statute unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA in relation to the third amendment as void.").

As to whether Plaintiff is nevertheless entitled to retrospective relief, the Court looks to the following guidance from the Supreme Court in *Collins:*

> That does not necessarily mean, however, that the shareholders have no entitlement to retrospective relief. Although an unconstitutional provision is never really part of the body of governing law (because the Constitution automatically displaces any conflicting statutory provision from the moment of the provision's enactment), it is still possible for an unconstitutional provision to inflict compensable harm. And the possibility that the unconstitutional restriction on the President's power to remove a Director of the FHFA could have such an effect cannot be ruled out. Suppose, for example, that the President had attempted to remove a Director but was prevented from doing so by a lower court decision holding that he did not have "cause" for removal. Or suppose that the President

had made a public statement expressing displeasure with actions taken by a Director and had asserted that he would remove the Director if the statute did not stand in the way. In those situations, the statutory provision would clearly cause harm.

*Id.* 1788–1789.

Here, Plaintiff has not shown any connection between the denial of benefits and the unconstitutional removal provision. Accordingly, remand is not warranted. *See Frank W. v. Kijakazi,* 2021 WL 5505883, at *4 (S.D. Cal. Nov. 24, 2021) ("Here, there is no allegation even suggesting a direct nexus between the adjudication of plaintiff's disability claim by the SSA and the alleged separation of powers violation in the removal statute that applies to the Commissioner."); *Shaun A. v. Commissioner of Social Security,* 2021 WL 5446878, at *6 (W.D. Wash. Nov. 22, 2021) ("Plaintiff cannot show any connection between the unconstitutional limit on Commissioner Saul's removal and the ALJ's decision denying him benefits.").

Plaintiff does allege in her reply that she has established sufficient harm based on President Biden's apparent delay in terminating Commissioner Saul combined with President Biden's comments at the termination criticizing Commissioner Saul for politicizing social security benefits and reducing due process protections for appeals hearings. (ECF No. 17, at p. 8). However, Plaintiff has not pointed to any lack of due process in this case.

**C. Conclusion**

In light of the foregoing, the Court affirms the decision of the Commissioner of Social Security.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 10, 2022**   /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

6